UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-CV-10400-RWZ

HENRY LEFEBVRE

v.

ANDREW SAUL,
Commissioner of the Social Security Administration[1]

MEMORANDUM & ORDER

July 28, 2021

ZOBEL, S.D.J.

On January 23, 2018, plaintiff entered into a contract ("Agreement") with Jackson & MacNichol ("Counsel") for representation in a Social Security appeal before this court. The Agreement provides that plaintiff would "pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to [the] Client . . . subject to the approval of said fee by the court." (Docket # 31-4 at 2). On March 1, 2018, Counsel appealed the Commissioner's second denial of plaintiff's Social Security claim. (Docket # 1). This court vacated the Commissioner's decision and remanded the case. (Docket # 24). Plaintiff was ultimately awarded $215,761.60 in past due Title II disability insurance benefits.

Counsel now seek attorneys' fees for their representation. First, they request $7,831.80 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew Saul has been substituted for Nancy A. Berryhill as Commissioner of the Social Security Administration.

1

(Docket ## 30, 30-1). They also ask that the court approve a $47,940 contingency fee under the Agreement, 42 U.S.C. § 406(b). (Docket # 31).

## I.    Discussion

Counsel may seek fees under the EAJA and § 406(b), but if fees are awarded "under both prescriptions, [ ] the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (internal citation and quotation marks omitted).

Section 406(b)(1)(A) of the Social Security Act provides, in relevant part, that:

> [w]henever a court renders a judgment favorable to a claimant under this title . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that § 406(b) does not displace contingency fee contracts, but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Gisbrecht, 535 U.S. at 807. A "downward adjustment" may be in order when "the benefits are large in comparison to the amount of time counsel spent on the case . . . ." Id. at 808; see Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) (holding that a reviewing court should prevent lawyers from receiving windfalls). The Commissioner of the Social Security Administration takes no position on the motion, but suggests that the contingency fee award may be a windfall for plaintiff's counsel. (Docket # 32).

Counsel supplemented the EAJA application with an itemized statement of the work performed and time billed. Counsel expended 38 attorney hours and 2.30 paralegal hours on a complaint, a thorough motion to reverse, a response to the

2

government's motion to affirm, and a response to a motion to alter the favorable judgment. The Agreement stipulates that Counsel's ordinary billing rate is at least $350.00 per hour; the EAJA application notes the paralegal rate is $95.00 per hour. At these rates, Counsel's fee would have been $13,300 for 38 attorney hours and $218.50 for 2.30 paralegal hours for a total of $13,518.50. In consideration of Counsel's zealous advocacy and the risk assumed in representing plaintiff on a contingency basis, this amount should be multiplied by three to provide an incentive bonus. See Van Dine v. Colvin, No. 15-cv-10140, 2016 U.S. Dist. LEXIS 173614, at *7 (D. Mass. Dec. 15, 2016) (finding that an award three times the reasonable hourly rate met the Gisbrecht standard and collecting cases that found the same). That would yield an award of $40,555.50. Counsel's petition for a fee of $47,940, approximately 22 percent of the plaintiff's past due benefits, is not unreasonable given the complex nature of the case, the thorough briefs which raised several tailored grounds for relief, and Counsel's persistent and ultimately effective representation of plaintiff throughout multiple appeals. For these reasons, plaintiff's motion for $7,831.80 in fees pursuant to the EAJA is also reasonable.

## II. Conclusion

The Motion for Attorney Fees Pursuant to the EAJA (Docket # 30) and the Motion for Attorney Fees Pursuant to § 406(b) (Docket # 31) are ALLOWED. Counsel shall be paid $47,940 in § 406(b) attorneys' fees and $7,831.80 in EAJA fees, a total of $55,771.80.[2] Plaintiff has assigned his rights in the EAJA awards to counsel, however, in light of the § 406(b) award, counsel shall refund the EAJA awards (which are less

---

[2] Counsel states that they also received an EAJA award of $2,465.41 from the first appeal.

3

than the § 406(b) award) to him.  See Gisbrecht, 535 U.S. at 796; see also (Docket # 31 at 5 (acknowledging refund requirement)); (Docket # 32 at 2 & n.1 (discussing refund requirement)).[3]

July 28, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[3] Implicit in the Commissioner's failure to oppose the motions is his acceptance of plaintiff's pre-judgment assignment.  See 31 U.S.C. § 3727(b) ("An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."); Murkeldove v. Astrue, 635 F.3d 784, 794 (5th Cir. 2011) ("[T]he Act serves as a defense that the Government can raise against a claim and not . . . an ex ante bar to forming a contingency-fee agreement."); see also Juman L.S. v. Comm'r of Soc. Sec., No. 19-cv-06925, 2021 U.S. Dist. LEXIS 126681, at *4 (W.D.N.Y. July 7, 2021) ("While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to his or her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act.").  In any case, despite the assignment and because of the § 406(b) award, while the EAJA awards shall be paid to counsel, counsel must refund the EAJA awards to plaintiff.